UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT BENTON,

    Plaintiff,

v.                                                       Case No. 5:04-cv-380-Oc-10GRJ

UNITED STATES DEPT.
OF JUSTICE, et al.,

    Defendants.

_____

**ORDER GRANTING MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT**

Plaintiff, a federal inmate incarcerated at the Coleman Federal Correctional Complex, initiated this case pursuant to a Civil Rights Complaint filed on August 18, 2004. (Doc. 1.) In the Complaint, Plaintiff alleges that his right to due process was violated during a prison disciplinary investigation and subsequent hearing. Additionally, Plaintiff alleges that the sanctions imposed as a result of a guilty finding in the disciplinary proceeding were excessive, as was his prolonged stay in the special housing unit (SHU). As Defendants, the Plaintiff names the following federal agencies and employees: United States Department of Justice; Federal Bureau of Investigation (FBI); Federal Bureau of Prisons (BOP); Harrell Watts, Administrator National Inmate Appeals; The Southeast Regional Director; Donald McKelvy, former Warden; Lee H. Green, Disciplinary Hearing Officer (DHO); Officer Torres,

Intelligence Officer; Charles R. Ayers, Intelligence Officer; Scott Lyngaas, Criminal Investigator; Diana Elliot, Lieutenant; Jeffrey James, Lieutenant; R. Noble, Lieutenant; Dennis Johnson, Assistant Warden; S. Jenkins, Captain. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages and punitive damages for the alleged constitutional violations, and $100,000 in damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq.[1]

On May 19, 2005, a Motion to Dismiss, and/or alternatively, Motion for Summary Judgment was filed on behalf of the Defendants. (Doc. 37.) Plaintiff filed a Memorandum in Opposition to the Defendants' motion on July 13, 2005. (Doc. 42) Accordingly, this case is ripe for review.

## The Complaint

On August 9, 2003, Plaintiff was placed in disciplinary segregation pending an institutional investigation into allegations that he introduced narcotics into the institution and that he used the prison telephone system for criminal purposes. During the course of the investigation, Plaintiff's visitation and telephone privileges were temporarily suspended to prevent similar activity. Plaintiff received an incident report outlining the allegations as follows: during a telephone conversation with

---

[1] Plaintiff seeks a declaratory judgment stating that his due process rights were violated by his prolonged stay in the SHU, by the defendants failure to correct the problem, during his disciplinary proceedings, during the appeal process that followed, and by the continued enforcement of excessive sanctions. Plaintiff seeks an injunction to remove the excessive sanctions and expunge the incident report from his record. Plaintiff seeks compensatory damages for being wrongly accused of criminal activity, for being placed in segregation for a prolonged period of time, and for being subject to unjust sanctions. Plaintiff seeks punitive damages for being falsely accused of criminal charges and for being subject to excessive sanctions.

Barbara Bush, another inmate's wife,[2] Plaintiff allegedly used a secret code to ask Mrs. Bush whether she had received money; to inform her that her husband was in segregation; to tell her that she should still visit her husband, but that it was not safe for her to bring narcotics with her during her visits; and to tell her to mail the narcotics to the institution instead. Although no criminal charges were brought after an investigation by the FBI,[3] the BOP moved forward with institutional charges.

After the conclusion of the BOP's investigation, Plaintiff was charged with violating prison code 111(A), Introduction of Narcotics, and code 197, Criminal Use of the Telephone. At his disciplinary hearing, Plaintiff was found guilty of violating code 197, Criminal Use of the Telephone. As a result, Petitioner was sanctioned eight (8) years loss of visitation privileges and seventy years (70) loss of telephone privileges.[4] Plaintiff appealed both the guilty finding and the sanctions through the Bureau's administrative remedy process. During those proceedings, Plaintiff alleged that the facts did not support the finding of guilt and that the sanctions and Plaintiff's stay in the SHU were excessive. Plaintiffs' appeals were denied by the Bureau and this suit followed.

## **Claims of the Complaint**

It appears from the Complaint, that the Plaintiff is alleging the same grounds

---

[2] The beauty shop were Mrs. Bush worked was on Plaintiff's list of approved telephone numbers.

[3] Complaint at 6, 7.

[4] Plaintiff is currently serving an aggregate term of life imprisonment. See Doc. 37 at 2.

raised during the administrative appeals process. Specifically, Plaintiff alleges that his due process rights were violated because:

(1) the facts do not support the DHO's finding that Plaintiff committed the prohibited act of using the telephone for criminal purposes;

(2) the sanctions imposed by the DHO are excessive; and

(3) his prolonged stay in the SHU was excessive.

## Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party."[5] The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist.[6]

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.[7] If the Court finds that the movant has

---

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986).

[6] Anderson v. Liberty Lobby, 477 U.S. 242, 248 106 S.Ct. 2505, 2510 (1986).

[7] Celotex at 323.

satisfied the initial burden, the burden shifts to the non-moving party to provide sufficient evidence of every element he or she is required to prove at trial.[8]  If the party who has the burden of proof at trial fails to establish even one essential element of the case, "there can be no genuine issue as to any material fact" because the failure to establish one essential element "renders all other facts immaterial."[9]  The nonmoving party must go "beyond the pleadings, [and show] that there exist genuine issues of material fact."[10]

### **Federal Agencies and Official Capacity Claims**

Where damages are sought against federal defendants in their official capacities, the case is deemed as being against the United States.[11]  Moreover, claims for damages against a federal agency are also deemed as being against the United States.[12]  However, "[t]he United States, as a sovereign, is immune from suit save as it consents to be sued."[13]  The United States has not waived its sovereign immunity from liability for an award of damages arising from alleged violations of the

---

[8] Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (1993), *reh'g and reh'g en banc* denied, 16 F.3d 1233 (11th Cir. 1994).

[9] Id.

[10] Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986).

[11] Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999 (1963).

[12] FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000 (1994).

[13] United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70 (1941) (citations omitted).

Constitution.[14] Accordingly, to the extent that Plaintiff seeks damages for claims against the federal agencies and the individual federal defendants in their official capacities, those claims are barred by the doctrine of sovereign immunity.

### FTCA Claims

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> "[a]n action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section."

"Section 2675(a) is satisfied if the claimant (1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain as to the value of the claim."[15] Furthermore, the statutory purpose of requiring an administrative claim is satisfied as long as "a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its

---

[14] FDIC v. Meyer, 510 U.S. at 485-86.

[15] Orlando Helicopter Airways v. United States, 75 F.3d 622, 625 (11th Cir. 1996) (citing Free v. United States, 885 F.2d 840, 842 (11th Cir. 1989)).

potential liability . . . "[16]

A review of the record shows that Plaintiff never filed a claim for injury, damage or death with regard to the issues raised in this case.[17] Moreover, the time for doing so has now passed.[18] Accordingly, Plaintiff's FTCA claims are due to be dismissed with prejudice.

### **Disciplinary Proceeding**

Prison disciplinary proceedings are not part of a criminal prosecution, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings.[19] However, inmates are entitled to some due process protections.[20] Those protections include: written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety, and a written explanation of the evidence relied

---

[16] Free at 843 (quoting Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980)).

[17] See Defendants' Motion to Dismiss (Doc. 37) at Ex. 2.

[18] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401. The telephone conversation for which Plaintiff's incident report was based took place on March 11, 2003. See Doc. 37 at Ex. 7. An incident report was written on August 7, 2003. Id. Plaintiff was placed in segregation on August 9, 2003. Complaint at 6. Plaintiff's DHO hearing was held on August 20, 2003. Doc. 37 at Ex. 7. The DHO rendered his decision on September 16, 2003 and Plaintiff received a copy of that decision on September 22, 2003. Id. Thus, at the latest, Plaintiff should have filed his administrative tort claim by September 22, 2005.

[19] Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974) ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution").

[20] Id.

on and reasons for disciplinary action.[21]  On the other hand, an inmate does not have a right to confrontation and cross-examination, or a right to counsel.[22] Disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder.[23]

Here, Plaintiff received all the process he was due during his disciplinary proceeding.[24] As to Plaintiff's specific allegations that he was falsely accused and that the evidence does not support the finding of guilt, an inmate has no constitutional right to be free from being falsely accused of conduct that might result in disciplinary action[25] and there is clearly "some evidence" to support the guilty finding of the DHO.[26] Moreover, the fact that the FBI conducted an investigation into

---

[21] Id.

[22] Id at 567, 570.

[23] Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 117 S.Ct. 1584 (1985).

[24] See Doc. 37 at Ex. 7. An incident report was written on August 7, 2003. Plaintiff received a copy of that report on the same date. Plaintiff received written notice of his rights on August 13, 2003. Plaintiff's disciplinary hearing was held on August 20, 2003, where Plaintiff waived his right to be represented by staff. Plaintiff denied the charges against him, gave a statement on his own behalf, and presented witnesses in his defense. Plaintiff was found guilty on one of the charges and a written explanation of the DHO's findings was provided to Plaintiff on September 22, 2003.

[25] Even if he did, this Court is of the opinion that a properly conducted disciplinary hearing "cures" any such violation. Additionally, in this instance, other than his own self-serving and conclusory opinion, Plaintiff fails to show that the charging officer had any reason or motivation to falsely accuse him.

[26] The DHO relied on Plaintiff's telephone records, the information provided by the charging officer, and the results of the institutional investigation to find Plaintiff guilty of the charges. Moreover, the DHO found Plaintiff's witness to be not credible because he was also involved in the incident and had reason to lie to avoid his own disciplinary action.

the matter, but chose not press criminal charges, does not exonerate Petitioner of the institutional charges. As previously stated, a prison disciplinary proceeding is not the same as a criminal proceeding and a prisoner is not entitled to the same protections. Neither is the standard of proof the same.[27] Accordingly, there was no due process violation during Plaintiff's disciplinary proceedings, and the Defendants are entitled to judgment as a matter of law as to this claim.[28]

## Excessive Sanctions

As a result of the DHO's finding that Petitioner was guilty of using the telephone for criminal activity, Plaintiff was sanctioned eight (8) years loss of visitation and seventy (70) years loss of telephone privileges. However, the BOP restored those privileges after one-year of good behavior. Therefore, to the extent that Plaintiff seeks to have those sanctions declared excessive, to have the sanctions removed and/or have an injunction issued to prevent the enforcement of those sanctions, those claims are now moot.[29] Moreover, even assuming that the original eight year and seventy year sanctions were excessive, the actual service of

---

[27] The fact that the FBI chose not to press criminal charges does not indicate that no criminal activity took place as Plaintiff suggests. Complaint at 7. It merely means that there was not sufficient evidence to press *criminal* charges.

[28] In addition, the actions of Defendants Holt and Watts in denying Plaintiff's disciplinary appeals were clearly taken in the course and scope of their employment. Accordingly, those Defendants are immune from suit.

[29] See Article III of the United States Constitution (limiting the jurisdiction of the federal courts to cases or controversies); Al Najjar v. Ashcroft, 273 F.3d 1330 (11th Cir. 2001) (applying the doctrine of mootness where there is no viable legal issue left to resolve).

only one-year was not excessive in light of the seriousness of the charges against the Plaintiff.[30]  Accordingly, the Defendants are entitled to judgment as a matter of law as to this claim.

## **Prolonged Stay in the SHU**

It is not clear from the Complaint why Plaintiff believes his stay in the SHU was prolonged and excessive.  Plaintiff does not assert when he should have been released and why.  For those reasons alone, Plaintiff's claim is vague and should be dismissed.[31]  However, in their motion to dismiss, the Defendants outline Plaintiff's stay in the SHU as it relates to the claims in the instant case.

Plaintiff was placed in the SHU on August 8, 2003 pending an investigation into an incident report alleging that Plaintiff attempted to introduce narcotics into the institution and used the telephone for criminal activity.  The placement of an inmate in segregation pending an investigation into illegal activities is not in and of itself a violation of Plaintiff's due process rights.  The BOP clearly has an interest in protecting the security and orderly running of the institution.  Plaintiff spent thirteen days in the SHU pending investigation and prior to his DHO hearing.  The Court does not believe thirteen days creates an atypical or significant hardship as

---

[30] Plaintiff was charged with using the telephone system to organize and conduct the illegal activity of attempting to have drugs introduced into the institution.

[31] See Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ."

compared to the ordinary incidents of prison life.[32]

After his DHO hearing, Plaintiff was sanctioned with sixty (60) days of disciplinary confinement. However, the Court finds that sixty days of disciplinary confinement is not excessive in light of the severity of the charges against Plaintiff. The BOP clearly has an interest in deterring illegal behavior. Even had sixty days been an excessive sanction, for administrative reasons, Plaintiff only served twenty-one (21) of those days before he was returned to the general population. Thus, in total, Plaintiff served only 34 days in administrative confinement. Those 34 days encompassed the investigation into Plaintiff's incident report, the time leading up to his DHO hearing, and the service of 21 days of disciplinary sanctions. This stay was neither excessive nor prolonged and did not pose an atypical or significant hardship on Plaintiff. See Id. Accordingly, the Defendants are entitled to judgment as a matter of law as to this claim.

## Conclusion

For the reasons set forth in this Order, the Defendants Motion to Dismiss and/or Alternatively, Motion for Summary Judgment (Doc. 37) is **GRANTED**. The Clerk is directed to enter judgment for the Defendants and against Plaintiff. In addition, the Clerk is directed to terminate any pending motions and close the file.

**IT IS SO ORDERED.**

---

[32] See Magluta v. Samples, 375 F.3d 1269, 1282 (a prisoner's confinement in disciplinary segregation for 30 days was not an atypical and significant hardship) (quoting Sandin v. Connor, 515 U.S. 472, 486, 115 S.Ct. 2293, 2301 (1995)).

**DONE AND ORDERED** at Ocala, Florida, this 22nd day of November 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Robert Benton
   Counsel of Record